**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-03060-RPM

DOUGLAS RATHBUN,

      Plaintiff,

v.

BERNARD MONTOYA, Detective, Denver Police Department, Metropolitan Auto Theft Task
  Force, sued in his individual capacity;
JOHN M. LIETZ, Detective, Denver Police Department, Metropolitan Auto Theft Task Force,
  sued in his individual capacity;
DAVID SCONCE, Sergeant, Denver Police Department, Metropolitan Auto Theft Task Force,
  sued in his individual capacity
JAMES SEWALD; Officer, Denver Police Department, sued in his individual capacity;
ART PETERSON, Detective, Jefferson County Sheriff's Office, Metropolitan Auto Theft Task
  Force, sued in his individual capacity;
W.D. HOOVER, Sergeant, Lakewood Police Department, Metropolitan Auto Theft Task Force,
  sued in his individual capacity;
SEAN TEMPLETON, Detective, Lakewood Police Department, sued in his individual capacity;
OFFICER OBECHINA, Detective, Lakewood Police Department, sued in his individual capacity;
CHARLES HEMMING, Detective, Wheat Ridge Police Department, Metropolitan Auto Theft
  Task Force, sued in his individual capacity;
DELFINO RODRIGUEZ, Inspector, Denver Neighborhood Inspection Services, sued in his
  individual capacity;
OFFICER MORETTI, Metropolitan Auto Theft Task Force, sued in his individual capacity;
JOHN DOES 1-4, Metropolitan Auto Theft Task Force, sued in their individual capacities;

      Defendants.

_____

ORDER ON MOTIONS TO DISMISS
_____

In his amended complaint Douglas Rathbun alleges that he owns an auto repair

business, Denver Performance Auto & 4 x 4, located at 1201 W. Alameda Ave., in

Denver, Colorado, with unrepaired and partially repaired vehicles stored in an adjacent

lot; and that on November 10, 2011, the named defendant police officers seized all of

the vehicles pursuant to an invalid search warrant.  He claims that the defendants are

liable for damages under 42 U.S.C. § 1983 because they violated the Fourth

Amendment to the United States Constitution, applicable to local officers under the

Fourteenth Amendment.

The defendants are police officers from the City and County of Denver, Jefferson County, Lakewood and Wheat Ridge, Colorado, who are assigned to a law enforcement agency called the Metropolitan Auto Theft Task Force ("MATT").

The search warrant in question was issued by a county judge based on an affidavit signed by Denver Detective John M. Lietz.  The warrant authorized a search for the following property:

> Any vehicle or vehicle part that may be reported as, or appear to be, stolen, have tampered or altered [sic]: ignition switch, VIN or serial numbers, plates, stickers, license plates or any altered, or other, ownership documentation.

> Any items that may be removed from other motor vehicles such as cameras, cell phones, wallets, purses, laptop computers, check books, credit cards, etc.

> Any Ownership documents or any paperwork to assist with identification of owners of above parts/vehicles.

> Any tools used to start, steal, tamper or alter, or disassemble motor vehicles or alter or change VINs or VIN plates including but not limited to: die stamps, rivet and rivet guns, VIN plate blanks, license plates of any kind, "jiggler keys," lock picking tools, slide hammers, "dremmel" tools, etc.

> All types of computers, tablets, scanner/printers, video or digital cameras, cell phones, and digital or magnetic storage of any kind that could be used to record or store video, audio or still photos.

> Controlled substances (including but not limited to coca leaves, coca leaf derivatives, stimulants, opium derivatives, depressant drugs, hallucinogenic drugs, tranquillizers [sic]), methamphetamine, amphetamine and marijuana and marijuana concentrate as defined in Colorado Revised Statutes 18-18-102, as amended, together with such vessels, implements and furniture used in connection with the manufacture, production, storage, sale, distribution or dispensing of such substances.

In his first claim for relief against Detective Lietz, Rathbun alleges that Lietz's affidavit was deficient because it was based on material misrepresentations and an incredible informant.

In claim two, brought against all defendants, Rathbun alleges that the search of his business and seizure of materials and property were pursuant to a warrant that "illegally authorized the search and seizure of materials and property that were neither fruits, instrumentalities, nor evidence of crime," and that the defendants have refused to allow recovery of property that was in his lawful possession.

Claim three against all defendants alleges seizure of "property that was in Rathbun's lawful possession and outside the scope of the warrant."

The defendants filed motions to dismiss under Fed. R. Civ. P. 8(a)(2) and12(b)(6).  The defendants also claim qualified immunity.

Although Lietz's affidavit includes stale information and the informant's motives may be questioned, there is not enough pleaded to make Rathbun's first claim actionable under *Franks v. Delaware,* 438 U.S. 154 (1978).  Lietz' motion to dismiss this claim is granted.

Rathbun's second claim for relief asserts that the search warrant is invalid in conclusory fashion.  Rathbun clarified in his response to these motions that the warrant is invalid because it is a general warrant unlimited in scope and in authority granted to the officers, who ransacked the plaintiff's business and indiscriminately seized the vehicles.  The warrant is facially invalid.  Any reasonably-trained police officer would know that it authorizes an unreasonable search and seizure in violation of the Fourth Amendment.

3

The individual defendants argue that Rathbun's complaint is insufficient under Rule 8 because it does not allege facts showing their individual participation in the search and seizure.  At this stage of the litigation that lack is excusable.  What is alleged is that the named defendants actively and jointly participated in an unconstitutional search and seizure.  It will be necessary to conduct discovery to determine the precise role of each defendant.  Who had the responsibility of supervision, who gave directions and what awareness each officer had as to the unconstitutionality of this search and seizure are not matters that the plaintiff can be expected to know before filing suit.  At this time the Court is unable to determine those who may have the protection of qualified immunity.

The plaintiff has conceded that his arrest was lawful.  Accordingly, the fourth claim is dismissed.  The plaintiff has also agreed to dismiss defendant Delfino Rodriguez.

Upon the foregoing, it is

ORDERED, that the first and fourth claims for relief in the amended complaint are dismissed and the motions to dismiss the second and third claims for relief are denied.  It is

FURTHER ORDERED that this civil action is dismissed as to defendant Delfino Rodriguez.

DATED July 30th, 2014.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge